IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AARON WASHINGTON, | ) | No. C 08-2315 MMC (PR) |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTIONS FOR APPOINTMENT OF COUNSEL** |
| V.C.G.C. B., | ) ) | |
| Defendant. | ) | **(Docket Nos. 6, 7, 8 & 9)** |
| _____ | ) | |

On May 5, 2008, the above-titled civil rights action was opened when plaintiff, a California prisoner incarcerated at the California Medical Facility ("CMF") at Vacaville and proceeding pro se, filed a form complaint used for civil actions in state court. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v.

1 Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C.
2 § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the
3 Constitution or laws of the United States was violated, and (2) that the alleged violation was
4 committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42,
5 48 (1988).

6 B.   Claims

7 Plaintiff alleges that the California Department of Corrections and Rehabilitation
8 ("CDCR") and the Victim Compensation and Government Claims Board ("VCGCB") have
9 wrongly denied his claims that, as a person with AIDS, he was wrongly transferred from
10 Lancaster State Prison to the Correctional Training Facility ("CTF") at Soledad, where prison
11 officials are not equipped to address the needs of prisoners with AIDS. As a result of such
12 transfer, plaintiff claims, he was subjected to cruel and unusual conditions of confinement
13 that led to the deterioration of both his physical and mental health. Plaintiff seeks monetary
14 damages.

15 Deliberate indifference to a prisoner's serious medical needs violates the Eighth
16 Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble,
17 429 U.S. 97, 104 (1976). Serious medical needs include a prisoner's serious mental health
18 needs. See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). A determination of
19 "deliberate indifference" involves an examination of two elements: the seriousness of the
20 prisoner's medical need and the nature of the defendant's response to that need. McGuckin
21 v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX
22 Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A "serious"
23 medical need exists if the failure to treat a prisoner's condition could result in further
24 significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle v.
25 Gamble, 429 U.S. at 104). A prison official is deliberately indifferent if he knows a prisoner
26 faces a substantial risk of serious harm and disregards that risk by failing to take reasonable
27 steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

28 Here, liberally construed, plaintiff's complaint alleges he had serious medical needs at

2

the time he was transferred to CTF, as well as during the period of his confinement there. Plaintiff does not, however, clearly allege facts showing that either the prison officials responsible for transferring him to CTF or the prison officials responsible for attending to his medical needs at CTF acted with deliberate indifference to his serious medical needs. Specifically, with respect to his transfer to CTF, he does not describe what relief he sought upon being notified that he was to be transferred to CTF and how prison officials responded to his requests. Similarly, with respect to the treatment he received at CTF, he does not describe the particular medical treatment he sought and how prison officials responded to his requests. Consequently, the Court cannot discern whether any prison official has acted in a manner that implicates plaintiff's constitutional right to medical care. Plaintiff will be given leave to amend the complaint to describe the nature of his medical condition both before and after he was transferred to CTF, his requests for relief before being transferred and during the period of his confinement at CTF, and prison officials' responses, if any, to such requests.

Moreover, plaintiff has not named any prison official as a defendant, nor has he alleged how any such individual official was involved in responding, or failing to respond, to any request made by him. To state a claim under § 1983, a plaintiff must set forth specific facts as to each individual defendant's conduct that proximately caused a violation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Here, the only defendant named in the complaint is VCGCB, a state entity. Naming such entity does not suffice to plead a § 1983 claim against the prison officials allegedly responsible for denying plaintiff medical care. Further, to the extent plaintiff claims the VCGCB also violated his constitutional rights, naming such entity does not suffice to plead a § 1983 claim, because only individuals who actually engage in unlawful conduct can be held liable. See Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978) (rejecting concept of respondeat superior liability in § 1983 context and requiring individual liability for constitutional violation); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding personal participation required for finding of supervisorial liability based on alleged constitutional violations). Plaintiff will be given leave to amend the complaint to identify the individuals involved in the alleged failure to

provide him with adequate care (whether by transferring him to CTF, failing to attend to his medical needs at CTF, or denying his claims), and to set forth specific facts showing how each such defendant's actions have caused him injury or harm.

In order to proceed with his claims plaintiff must file an amended complaint, as set forth below. His failure to do so will result in the dismissal of this action without prejudice.

C.     Motions for Appointment of Counsel

Plaintiff has filed several motions requesting the appointment of counsel to represent him in this action. There is no constitutional right to counsel in a civil case such as this. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). Rather, pursuant to 28 U.S.C. § 1915, a district court has the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). To date, plaintiff has been able to present his claims in an adequate manner and there are no exceptional circumstances warranting appointment of counsel at this time. Should the circumstances of the case materially change, the Court may reconsider plaintiff's request sua sponte.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The complaint is hereby DISMISSED with leave to amend. Within **thirty (30) days** of the date this order is filed, plaintiff may file an AMENDED COMPLAINT, **using this court's form civil rights complaint**, in order to cure the deficiencies noted above. A copy of the form is provided herewith. Plaintiff shall complete the form, and include in the caption both the case number of this action, No. C 08-2315 MMC (PR), and the phrase "AMENDED COMPLAINT."

An amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint. London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992). These rules govern actions filed by pro se litigants as well as litigants represented by counsel. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

4

1  Accordingly, if plaintiff intends to amend his complaint to include new claims and
2  new defendants, he must file an amended complaint, which amended complaint also must
3  include any claims from the original complaint he wishes to preserve.

4  **If plaintiff fails to timely file an amended complaint in conformity with this**
5  **order, the action will be dismissed.**

6  2. Plaintiff's motions for appointment of counsel are hereby DENIED. (Docket Nos.
7  6, 7, 8 & 9.)

8  3. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
9  informed of any change of address and must comply with the court's orders in a timely
10 fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule
11 of Civil Procedure 41(b), for failure to prosecute.

12 This order terminates Docket Nos. 6, 7 8 and 9.

13 IT IS SO ORDERED.

14 DATED: August 27, 2008

_____
MAXINE M. CHESNEY
United States District Judge