IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON WASHINGTON, <br><br>   Plaintiff, <br><br>   v. <br><br> V.C.G.C. B., et al., <br><br>   Defendants. | No. C 08-2315 MMC (PR) <br><br> **ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTIONS FOR APPOINTMENT OF COUNSEL** <br><br> **(Docket Nos. 10 & 17)** |

On May 5, 2008, the above-titled civil rights action was opened when plaintiff, a California prisoner then incarcerated at the California Medical Facility ("CMF") at Vacaville and proceeding pro se, filed a form complaint used for civil actions in state court.[1] In the complaint, plaintiff alleged that the California Department of Corrections and Rehabilitation ("CDCR") and the Victim Compensation and Government Claims Board ("VCGCB") have wrongly denied his claims that, as a person with AIDS, he was wrongly transferred from Lancaster State Prison to the Correctional Training Facility ("CTF") at Soledad, where prison officials are not equipped to address the needs of prisoners with AIDS. As a result of such transfer, plaintiff claims, he was subjected to cruel and unusual conditions of confinement at CTF that led to the deterioration of both his physical and mental health. Plaintiff seeks monetary damages.

---

[1] Plaintiff has since been released on parole and now resides in Los Angeles, California.

By order dated August 27, 2008, the Court dismissed the complaint with leave to amend to allege facts showing prison officials at CTF had acted with deliberate indifference to plaintiff's serious physical and mental health needs, in violation of the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). Specifically, the Court found that, when liberally construed, plaintiff's complaint sufficiently alleged he had serious medical needs at the time he was transferred to CTF, as well as during the period of his confinement there, but that he had failed to allege facts showing that either the prison officials responsible for transferring him to CTF or the prison officials responsible for attending to his medical needs at CTF acted with deliberate indifference to his serious medical needs. Additionally, the Court found that plaintiff had failed to name and link to his claims any individual defendant. Accordingly, the Court granted plaintiff leave to amend the complaint (1) to describe the nature of his medical condition both before and after he was transferred to CTF, his requests for relief before being transferred and during the period of his confinement at CTF, and prison officials' responses, if any, to his requests, and (2) to identify the individuals involved in the alleged failure to provide him with adequate care, whether by transferring him to CTF, failing to attend to his medical needs at CTF, or denying his claims.

On September 12, 2008, plaintiff filed an amended complaint ("AC") in which he makes the following allegations:

> 12-17-07 CCI [Correctional Counselor I] P. Taporco that I had to see the chairperson of the CTF classification committee. I went before the committee.
>
> They informed me due to haveing AIDS, I was not going to the mainline general population because that facility dose not house [or] trea[t] inmate with AIDS. My [constitutional] rights were violated just because I [was] living with AIDS. I had the []right to do the same program and have the same privileges an[d] health care like the G.P. [general population] at CTF due to ignorance.

(Amen. Compl. at 3:10-22.)

Additionally, in an attachment to the AC, plaintiff states that Correctional Counselor S. Villa was the individual who wrongly sent him to CTF, and that the first time he met with Taporco at CTF he told Taporco that a mistake had been made. (AC Attach. at 2.) Further, plaintiff has attached to the AC certain memoranda of correspondence between the Prison

2

Law Office and the CDCR in February 2007 with respect to plaintiff's health care needs. The memoranda show plaintiff was confined in single-cell status at CTF and, according to the CDCR, that he required and was awaiting transfer to another facility where he could receive necessary treatment for his medical condition. (AC Mem. dated Feb. 8 & Feb. 20, 2007.)

In the caption of the AC, plaintiff lists as defendants Laura Alarcon of the VCGCB, CTF Captain Arfa, CTF Correctional Counselor I Toporco[2], and CTF Correctional Counselor II Dennis. (AC at 1.) Additionally, in the body of the AC, plaintiff lists as defendants CTF Soledad and Jon Wolff, Supervising Deputy Attorney General. (AC at 2-3.) As relief, plaintiff asks the Court to find that he was discriminated against in violation of the Americans with Disabilities Act ("ADA"), that he was denied mental health care by the CTF psychologist, that he was denied the same privileges as the general population at CTF, and that he was denied dental care at CTF. (AC at 4.)

In its prior order of dismissal with leave to amend, the Court explained to plaintiff that his claims could not go forward unless plaintiff provided facts alleging he had been treated with deliberate indifference to his serious medical needs by particular individuals linked directly to plaintiff's allegations. Although plaintiff, in the AC, has provided the Court with more facts than alleged in his original complaint, the allegations in the AC, even when liberally construed, fail to provide enough information for the Court to find that any named defendant acted with deliberate indifference to plaintiff's serious medical needs or, as newly alleged by plaintiff, violated plaintiff's rights under the ADA.[3] In particular, the only

---

[2] Although in the caption of the AC this defendant's name is spelled "Toporco," in the body of the AC the name is spelled "Taporco." For purposes of the instant order, the Court will refer to this defendant as "Taporco" rather than "Toporco."

[3] To state a claim under Title II of the ADA, a plaintiff must allege four elements: (1) that he is an individual with a disability; (2) that he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) that he was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

3

defendant expressly linked to plaintiff's allegations is Correctional Counselor I Taporco, who, as alleged in the AC, was informed by plaintiff that plaintiff had been mistakenly transferred to CTF, and who told plaintiff he needed to see the CTF classification committee. These allegations, however, do not evidence Taporco's deliberate indifference to plaintiff's serious medical and/or mental health needs or failure to comply with ADA requirements, and there is no allegation in the AC that directly links any other named defendant to the violation of plaintiff's federal constitutional or statutory rights. Accordingly, the Court finds plaintiff has failed to state a claim upon which relief may be granted and the AC therefore is subject to dismissal. As plaintiff is proceeding pro se, however, the Court will grant him one further opportunity to amend his AC to allege facts that state cognizable claims for relief.

Lastly, plaintiff, for the sixth time subsequent to the filing of his original complaint, has moved for the appointment of counsel to represent him in this action. As previously found by the Court, however, there are no exceptional circumstances warranting appointment of counsel at this time. Accordingly, plaintiff's two recent motions for appointment of counsel will be denied. In light of the fact that plaintiff no longer is incarcerated, however, he may wish to seek such representation on his own.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The amended complaint is hereby DISMISSED with leave to amend. Within **thirty (30) days** of the date this order is filed, plaintiff may file an SECOND AMENDED COMPLAINT, **using this court's form civil rights complaint**, in order to cure the deficiencies noted above. A copy of the form is provided herewith. Plaintiff shall complete the form, and include in the caption both the case number of this action, No. C 08-2315 MMC (PR), and the phrase "SECOND AMENDED COMPLAINT."

An amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint. London v. Coopers & Lybrand, 644 F.2d 811,

4

814 (9th Cir. 1981).  Defendants not named in an amended complaint are no longer defendants.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992).  These rules govern actions filed by pro se litigants as well as litigants represented by counsel.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, if plaintiff intends to amend his complaint to include new claims and new defendants, he must file an amended complaint, which amended complaint also must include any claims from the original complaint he wishes to preserve.

**If plaintiff fails to timely file an amended complaint in conformity with this order, the action will be dismissed.**

2.  Plaintiff's motions for appointment of counsel are hereby DENIED.  (Docket Nos. 10 & 17.)

3.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

This order terminates Docket Nos. 10 and 17.

IT IS SO ORDERED.

DATED: November 10, 2008

_____
MAXINE M. CHESNEY
United States District Judge

5