IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AARON WASHINGTON, | ) | No. C 08-2315 MMC (PR) |
| Plaintiff, | ) ) | **ORDER OF DISMISSAL** |
| v. | ) ) | |
| V.C.G.C. B., et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

On May 5, 2008, the above-titled civil rights action was opened when plaintiff, a California prisoner then incarcerated at the California Medical Facility at Vacaville and proceeding pro se, filed a form complaint used for civil actions in state court.[1] In the complaint, plaintiff alleged that the California Department of Corrections and Rehabilitation and the Victim Compensation and Government Claims Board wrongly denied his claims that, as a person with AIDS, he should not have been transferred from Lancaster State Prison to the Correctional Training Facility at Soledad ("CTF"), where, plaintiff asserts, prison officials are not equipped to address the needs of prisoners with AIDS. As a result of such transfer, plaintiff claims, he was subjected to cruel and unusual conditions of confinement at CTF that led to the deterioration of both his physical and mental health. Plaintiff seeks monetary damages.

By order dated August 27, 2008, the Court dismissed the complaint with leave to amend to allege facts showing prison officials at CTF had acted with deliberate indifference

---

[1] Plaintiff has since been released on parole and now resides in Los Angeles, California.

to plaintiff's serious physical and mental health needs, in violation of the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). Specifically, the Court found that plaintiff's complaint, when liberally construed, sufficiently alleged he had serious medical needs at the time he was transferred to CTF, as well as during the period of his confinement there, but that he had failed to allege facts showing that either the prison officials responsible for transferring him to CTF or the prison officials responsible for attending to his medical needs at CTF acted with deliberate indifference to his serious medical needs. Additionally, the Court found plaintiff had failed to name and link to his claims any individual defendant.

On September 12, 2008, plaintiff filed an amended complaint ("AC"). Thereafter, by order dated November 10, 2008, the Court concluded that although the AC provided the Court with more facts than alleged in the original complaint, the allegations in the AC, even when liberally construed, failed to provide enough information for the Court to find any named defendant acted with deliberate indifference to plaintiff's serious medical needs or, as newly alleged in the AC, violated plaintiff's rights under the Americans with Disabilities Act. (See Order, filed Nov. 10, 2008, at 2.) Consequently, the Court found plaintiff had failed to state a claim upon which relief may be granted and that the AC thus was subject to dismissal. (Id. at 3.) As plaintiff is proceeding pro se, however, the Court granted plaintiff one further opportunity to amend the AC to allege facts sufficient to state one or more cognizable claims for relief. (Id.) Specifically, the Court informed plaintiff that, within thirty days, he could file a second amended complaint; the Court further informed plaintiff that his failure to do so would result in the dismissal of this action. (Id. at 4.)

More than thirty days have passed since the Court's order and plaintiff has not filed a second amended complaint or otherwise communicated with the Court. Accordingly, the instant action is hereby DISMISSED without prejudice.

The Clerk of the Court shall close the file.

IT IS SO ORDERED.

DATED: December 11, 2008

MAXINE M. CHESNEY
United States District Judge

2